Cornelius Wood, J.
■ The defendant is charged with violating section 344 of the Penal Law, in that he, being the manager or proprietor of Court Recreation Billiard Club, Inc., of White Plains, did operate or allow to be operated a public billiard or pocket billiard room or public place of any description in which billiards or pocket billiards are played without first having obtained a license from the State of New York for the operation as a public place of business for profit of the Court Recreation Billiard Club, Inc., at 52 Orawampum Street, White Plains, New York. Said information is based upon information and belief, furnished by persons at billiard parlor on said date, naming three persons.
The defendant is also charged with violating subdivision 3 of section 348 of the Penal Law, in that he, being the manager or proprietor of Court Recreation Billiard Club, Inc., did operate, manage, control and keep on premises located at 52 Orawampum Street, White Plains, New York, a public billiard parlor or *2 pocket billiard room for profit, and did permit or suffer to permit minors under the age of 18 years to enter or remain in such billiard room; said minors not being accompanied by their parent or legally appointed guardian. The information is based upon information and belief, furnished by three persons.
These charges were presented to the court by written stipulation of facts, testimony and exhibits, agreed upon by the prosecutor for the complainant and the attorney for the defendant. There is no question that the three persons involved were actually under the age of 18 years. The Attorney-General has ruled that “ Article 31 of the Penal Law has not ordinarily been applied to clubs or other places to which the public is not generally admitted. ’ ’ And, also, the Attorney-General has ruled that if the establishment is a private club, they have no jurisdiction over the minimum age for members.
The evidence submitted to the court shows that the Court Recreation Billiard Club, Inc., was incorporated on the 30th day of June, 1954, under the laws of the State of New York. The certificate of incorporation states that:
‘ ‘ The purposes for which it is to be formed are:
‘ ‘ To cultivate social intercourse among its members; to establish a center of play and interest for the members in order to improve their health, physical and mental condition, and to promote friendship and sociability among its members.
“ To organize, equip and operate clubrooms for the pleasure and recreation of its members; and maintain the same for the playing of pool, billiard and such other forms of recreation which its Board of Directors and members may consider advisable.”
Therefore, the only question before the court is, is the Court Recreation Billiard Club, Inc., a private club or a public club1? The three young men in question are members of the club, pay dues and hold cards. The sign over the entrance to the club states *
££ COURT RECREATION BILLIARD CLUB, INC. •
MEMBERS ONLY”
Section 344 of the Penal Law reads that: 1 £ After September first, nineteen hundred and twenty-two, no public billiard or pocket billiard room or public place of any description in which billiards or pocket billiards are played or which includes any apparatus or paraphernalia for the playing of billiards or pocket billiards and which is conducted as a public place of business for profit shall be permitted in any town, village or *3 city of the state unless a license therefor is granted annually to the proprietor as provided in this article.”
Section 348 of the Penal Law states that it would be unlawful for any person, firm, association or corporation holding such license to: “3. Suffer or permit any minor under the age of eighteen years to enter or remain in such billiard room or place unless accompanied by his or her parent or legally appointed guardian
Under the stipulation presented and the exhibits, there is no testimony offered that would indicate that the defendant is operating a billiard room as a public place. The informations are dismissed.